HORACE G. HAZARD et al., partners, &c., et al., appellants,

*v.*

PHŒNIX WOODWORKING COMPANY et al., defendants, JAMES J. DAVIDSON et al., respondents.

[Submitted March 27th, 1911. Decided June 19th, 1911.]

1. When an appeal is submitted by consent to be argued in this court on briefs and appellant fails to submit any brief, the appeal will be considered as abandoned and will be dismissed.

2. A brief not signed by a counselor-at-law of this state or by counsel of another state admitted *pro hac vice* will not be considered.

3. Under the Municipal Lien act (*Gen. Stat. p. 2078*) the failure to begin suit and give notice of the pendency of such suit in the manner provided by the act within ninety days after filing the claim, will defeat such claim.

4. A claimant is not required to give separate notice of suit if his claim is included in a suit brought by another claimant and his claim is specified in the notice of such other claimant.

5. A subpœna to answer in chancery is not sufficient as notice of pendency of a suit under the act in question.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Leaming, whose opinion is reported in *75 Atl. Rep. 237.*

*Messrs. French & Richards,* for the appellant Thomas Ward.

*Mr. Joseph J. Summerill,* for the respondents Davidson and Dietrich.

*Mr. Austin H. Swackhamer,* for the respondent Mayer.

The opinion of the court was delivered by

PARKER, J.

The controversy was over the unexpended balance of a building fund in the possession of the board of education of the borough of

Swedesboro, arising out of a contract of that board with the Phœnix Woodworking Company for the erection of a school building. A number of claims were presented and bills filed thereon under the provisions of the statute of 1892, known as the Municipal Lien act (*Gen. Stat. p. 2078*), the various suits were consolidated and the rights of the parties settled, subject to appeal, by the decree in the above-entitled cause. The amount available was $2,506, which the court of chancery, for reasons stated in the opinion of the vice-chancellor, distributed by awarding—*first,* certain costs to the board of education; *second,* to the complainant Davidson, $857.27; *third,* to complainant Dietrich, $1,608.94; *fourth,* to complainant Horner, $210.85; *fifth,* to complainant Charles Warner Company, $1,058.98, with interest on said sums respectively, and costs. It is evident that the Charles Warner Company, and in all probability Horner, will take nothing by the decree, as the first two claims with the costs and interest will fully absorb the amount to be distributed. As to Hazard & Company, Thomas P. Ward and Louis P. Mayer, the bill was dismissed. Horner appealed from the decree, but as this cause was submitted on briefs and no brief was presented by him, we must consider his appeal abandoned; and this leads to a dismissal of that appeal. Hazard & Company likewise appealed, but the brief submitted for them is not signed by counsel, and hence cannot be considered. *Leaver* v. *Kilmer, 54 Atl. Rep. 817; Duysters* v. *Crawford, 69 N. J. Law (40 Vr.) 229.* The result of this is that the Hazard appeal stands as though not moved, and under rule 17 of this court, respondents may enter an order of affirmance on this appeal.

This leaves for consideration only the appeal of Ward. His claim was disallowed because the vice-chancellor held that he had not fastened it upon the fund by taking the proceedings required by the statute for that purpose; that no notice of pendency of any suit, naming Ward as a claimant, was filed by him, nor was any such notice filed by anyone else in which he was named. The vice-chancellor properly decided that this was fatal to the Ward claim. *National Fire Proofing Co.* v. *Daly, 76 N. J. Eq. (6 Buch.) 35,* affirmed in this court on the vice-chancellor's opinion,

*77 N. J. Eq. (7 Buch.) 583.* Ward does not dispute the correctness of this ruling; but now takes the position that by reason of alleged failure to comply with the statute, every one of the claimants, including those decreed to be entitled, had failed to perfect a claim on the fund; and he now says that the maxim "equality is equity" should be applied and the various claimants should share, one and all, *pro rata,* in the fund. He cites no authority to support this somewhat remarkable proposition, and we know of none; and as he has not acquired any lien on the fund either by complying with the statute under which these bills were filed, or by judgment and execution and a receiver appointed in proceedings supplementary thereto, or by attachment, or proceedings against the woodworking company for an adjudication of insolvency and a receiver, or in any of the recognized methods open to a creditor to compel the application of his debtor's property to payment of the debt, we fail to see how he has any standing on this appeal to attack the decree in favor of other claimants, especially as we do not understand that any such claim was made in the court below. The decree, as to appellant Ward, should therefore be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, CONGDON, SULLIVAN—12.

*For reversal*—None.